IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
Tyler Division

| | |
|---|---|
| BENEFICIENT and BRAD HEPPNER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil No. 6:23-CV-00376-JDK |
| v. ) | |
| ) | |
| ALEXANDER GLADSTONE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFFS BENEFICIENT AND BRAD HEPPNER'S
OBJECTION TO DEFENDANT'S "NOTICE OF SUPPLEMENTAL AUTHORITY"**

Defendant Alexander Gladstone's purported "Notice of Supplemental Authority" is improper for numerous reasons, and the Court should disregard it in its entirety.

First, Gladstone's "Notice" is not really a "Notice" at all. In actuality, it is another brief in support of the Motion to Dismiss and is a thinly disguised attempt to reargue points already raised in Gladstone's opening Brief (Dkt. 19 at 20, 22), and Reply (Dkt. 25 at 4). Indeed, the majority of Gladstone's "Notice" is just argument. This is different from a true Notice of Supplemental Authority, which "merely attache[s] the opinions without making any arguments as to its relevance or import." *Highland Cap. Mgmt. L.P. v. Bank of Am., Nat. Ass'n*, No. 3:10-CV-1632-L, 2013 WL 4502789, at *28 (N.D. Tex. Aug. 23, 2013), *aff'd sub nom. Highland Cap. Mgmt., L.P. v. Bank of Am.*, N.A., 574 F. App'x 486 (5th Cir. 2014). Including the "Notice," Defendant has filed three briefs and Plaintiffs have filed a single opposition brief.

Under Local Rule CV-7(f), "[a]bsent leave of court, no further submissions [beyond a sur-reply to issues raised in the reply] on [a] motion are allowed." Gladstone has not sought leave to file his additional brief. The Notice should be disregarded for violating Rule CV-7(f); *see, e.g.,*

1

*Frey v. eGlobal ATM*, No. No. 3:11–CV–2598–L, 2013 WL 1091237, at *1 n.2 (N.D. Tex. Mar. 15, 2013) (stating that the court "w[ould] not consider" additional briefing filed without leave in violation of local rules).

In the alternative, to the extent that the Court does consider Gladstone's "Notice," it should also consider the following:

The case that Gladstone attached to his Notice, *Polk County Publishing Company v. Coleman*, applies a completely different standard for dismissal than Federal Rule of Civil Procedure 12(b)(6) and is therefore largely inapplicable to the Court's analysis here. No. 22-0103, 2024 WL 648672 (Tex. Feb. 16, 2024). While Defendant claims that *Coleman* "reversed a trial court's denial of a motion to dismiss," (Notice at 1), like numerous other cases cited in Gladstone's brief, *Coleman* is analyzed under the Texas Citizens Participation Act. 2024 WL 648672, at *3–4. As Plaintiffs noted in their Opposition, "the Fifth Circuit has held [that the TCPA] does not apply in federal court because it utilizes a 'burden-shifting framework [that] imposes additional requirements beyond those found in [Federal] Rules 12 and 56.' *Klocke v. Watson*, 936 F.3d 240, 245 (5th Cir. 2019), *as revised* (Aug. 29, 2019)." (Opp. at 11.) Indeed, the court in *Coleman* noted that the plaintiff was required to "establish[] by **clear and specific evidence** a prima facie case" of defamation, including by establishing that the statements at issue were false, "to avoid TCPA dismissal." 2024 WL 648672, at *4 (emphasis added). As Plaintiffs explained in their Opposition, this is **not** the standard applicable under Federal Rule of Civil Procedure 12(b).

Additionally, and separate from the fact that *Coleman* was decided under a completely different motion to dismiss standard, *Coleman* confronts a completely different factual situation than the one before this Court. *Coleman* involved an article about an attorney's role in a long legal saga where a man was wrongfully convicted of murder and later exonerated. *Id.* at *1–2. At issue

2

in *Coleman* was a discrete question: whether the defendants' assertion that the plaintiff had "assisted with the prosecution" of the wrongfully convicted man was false. *Id.* at *4. While the defendants' article made this discrete assertion, the only action it specifically attributed to the plaintiff was the fact that the plaintiff was "heard in the courtroom during a post-conviction hearing mocking requests by [the wrongfully convicted man]'s attorneys for DNA testing of the piece of evidence that eventually exonerated [him]." *Id.* at *1. The plaintiff argued that the article falsely claimed that he had contributed to the wrongful conviction by focusing on the article's use of the words "assisted" and "prosecution." *Id.* Specifically, he asserted that because he had not been a part of the original prosecution that led to the individual's wrongful conviction, and never made an appearance in or otherwise performed work for the related subsequent proceedings that ultimately led to the exoneration, the statement was false. *Id.* at *4–5. However, the *Coleman* court rejected this argument, reasoning that because the only description the article gave of the plaintiff's involvement was his "mocking … exonerating evidence in the courtroom," a reasonable reader would not conclude that he had any further involvement in any part of the legal proceedings other than what the article described. *Id.* at *7. And because the plaintiff did not contest, for purposes of the motion, that he was accurately portrayed as "mocking … exonerating evidence" at a relevant hearing, he had failed to present "clear and specific evidence" that the allegation at issue was false. *Id.*

Here, in stark contrast, Plaintiffs have pled that the defamatory implications in Gladstone's Article and Tweet accuse them of "perpetrat[ing] a fraudulent self-enrichment scheme," which Plaintiffs allege (strenuously) is false. (Opp. at 8.) Unlike *Coleman*, here there is no agreement or concession that article in question accurately described Plaintiffs' actions—quite the opposite. For this reason alone, *Coleman*'s reasoning has little bearing on Plaintiffs' claims.

3

Additionally, and contrary to Gladstone's contention, *Coleman* does not discuss the extent to which the conclusions that real-world readers drew from an article factors into a court's analysis. And *Coleman* certainly ***does not*** stand for the proposition that the interpretations reached by real-world readers are irrelevant to this Court's analysis, as the Notice suggests. (Notice at 2.) Instead, *Coleman* merely cites the well-established proposition that the test for determining whether the "gist" of a statement is defamatory is an "objective" one. 2024 WL 648672 at *4. Gladstone also claims that "*Coleman* emphasizes that a publication can be substantially true if it reports on multiple, complex proceedings—including multiphase proceedings spanning more than 25 years." (Notice at 3.) This assertion is not at all supported by the case. The *Coleman* court dismissed the defamation claims because the article in question described the plaintiff engaging in one specific episode of conduct—"mocking … exonerating evidence" in open court—that the plaintiff ***did not*** contest was inaccurate. 2024 WL 648672 at *5–6. *Coleman* in no way immunizes a media defendant from defamation liability just because underlying events happen to be "complex."

* * *

For the foregoing reasons, Gladstone's "Notice of Supplemental Authority" should be disregarded, or in the alternative, its arguments should be rejected.

| | |
|---|---|
| Dated:  April 3, 2024 | Respectfully Submitted,<br><br>/s/ *Thomas A. Clare*<br>Thomas A. Clare (*pro hac vice*)<br>David Sillers (*pro hac vice*)<br>Texas Bar No. 24072341<br>Steven J. Harrison (*pro hac vice*)<br>CLARE LOCKE LLP<br>10 Prince Street<br>Alexandria, VA 22314<br>Telephone: (202) 628-7400<br>Email: tom@clarelocke.com<br>Email: david@clarelocke.com<br>Email: steven@clarelocke.com<br><br>Andrew W. Stinson<br>State Bar No. 24028013<br>RAMEY & FLOCK, PC<br>100 E. Ferguson Street, Suite 500<br>Tyler, TX 75702<br>903-597-3301<br>andys@rameyflock.com<br><br>*Attorneys for Plaintiffs Beneficient and Brad Heppner* |

**CERTIFICATE OF SERVICE**

  I hereby certify that on this the 3rd day of April 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                /s/ *Thomas A. Clare*
                Thomas A. Clare